[No. B191761. Second Dist., Div. Seven. Feb. 14, 2007.]

ERVIN, COHEN & JESSUP, LLP, Plaintiff and Appellant, v. STEVEN H. KASSEL et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts II., III. and IV.

822

**Counsel**

Law Offices of David B. Bloom, James E. Adler and Roy A. Levun for Plaintiff and Appellant.

Law Offices of Mark C. Watson, Mark C. Watson and Matthew H. Weiner for Defendants and Respondents.

**Opinion**

**JOHNSON, Acting P. J.**—Ervin, Cohen & Jessup, LLP (EC&J), appeals from an order denying its motion to compel its former clients to arbitrate a dispute concerning legal fees and costs pursuant to an arbitration clause in a retainer agreement. Citing the Mandatory Fee Arbitration Act (MFAA),[1] the trial court concluded a predispute agreement for binding arbitration of a claim for unpaid fees and costs is unenforceable.

We find EC&J gave its former clients notice of their right to resolve the fee dispute via nonbinding arbitration under the MFAA. The clients failed to request such an arbitration within the requisite time period (or at any time

---

[1] Business and Professions Code section 6200 et seq.

thereafter) and thereby waived the protections of the MFAA. Having failed to invoke their statutory right to nonbinding arbitration under the MFAA, the retainer agreement required them to submit any and all disputes with EC&J to binding arbitration before the American Arbitration Association (AAA). Accordingly, we reverse the trial court's order denying EC&J's motion to compel arbitration of its fee dispute with its former clients.

## FACTS AND PROCEEDINGS BELOW

In or about February 2002, Steven H. Kassel and Firse Tax, Inc., doing business as Taxes.com (collectively, Kassel), retained EC&J to represent them in a business litigation matter. The retainer agreement between Kassel and EC&J included a clause requiring the parties to resolve any and all claims against each other by means of binding arbitration before the AAA.

At some point, a dispute arose concerning legal fees and costs. In January 2004, EC&J served Kassel with a form "Notice of Client's Right to Arbitration" explaining EC&J intended to file a lawsuit against Kassel to recover unpaid fees and costs and Kassel could invoke his right to resolve the fee dispute under the MFAA by filing an application for arbitration with the local bar association within 30 days of the notice. Kassel has not disputed he received the notice.[2] Nor has he disputed he did not, at any time, seek to resolve the fee dispute under the MFAA.

In December 2005, EC&J filed this court action against Kassel to recover the disputed fees and costs. In its complaint, EC&J alleged it had given Kassel notice of his right to arbitrate the dispute under the MFAA and Kassel had not invoked this statutory right. EC&J attached to its complaint copies of the notice and the return receipt. EC&J also alleged the retainer agreement between the parties required disputes to be resolved by binding arbitration. EC&J attached a copy of the retainer agreement to the complaint. EC&J also asserted: "By filing this action and/or seeking the provisional remedy of attachment [EC&J] does not waive its right to arbitration of the claims set forth herein or other claims of any party against the other. Such rights to arbitration are expressly retained."

In January 2006, EC&J filed an application for a right to attach order. In connection with the application, EC&J explained it had filed the court action "to utilize the provisional remedy of attachment so that its arbitration award will not become valueless, pending completion of arbitration by reason of Defendants' insolvency." EC&J also asserted it did "not waive any of its

---

[2] In connection with its motion to compel arbitration, EC&J submitted a return receipt which Kassel signed acknowledging he received the notice by certified mail.

rights to compel arbitration" and would "seek to require binding arbitration of the claims asserted" in its lawsuit.[3]

In early February 2006, while its application for a right to attach order was pending, EC&J filed a motion to compel Kassel to arbitrate the fee dispute before the AAA pursuant to the retainer agreement. EC&J submitted a copy of the retainer agreement and documents demonstrating it had served Kassel in January 2004 with notice of his statutory right to resolve the dispute by nonbinding arbitration under the MFAA. EC&J stated Kassel had not invoked his right to arbitrate under the MFAA and had not expressed any interest in that procedure. EC&J also submitted a copy of a January 17, 2006 letter from Kassel's counsel in which counsel acknowledged "the retainer agreement calls for binding arbitration," asked EC&J if it was "interested in discussing arbitration as an alternative to litigating the matter in court" and asserted, pursuant to the retainer agreement, EC&J's right to attach order should be resolved in binding arbitration, not a court action.

Kassel opposed EC&J's motion to compel arbitration on several grounds. Kassel asserted the notice of motion was defective for failure to state the statutory or legal ground on which the motion was based, and the motion was not supported by admissible evidence. He objected to a declaration submitted by a custodian of records from EC&J on the ground it did not provide proper authentication for the retainer agreement and the notice to Kassel of his right to arbitrate the dispute under the MFAA.[4] Kassel also argued a provision in a retainer agreement requiring fee disputes to be resolved by binding arbitration is invalid as a matter of law. Kassel also claimed, to obtain the relief sought, EC&J was required to file a *petition* to compel arbitration and serve the petition in the same manner as a summons. Finally, Kassel asserted EC&J waived its right to arbitrate the dispute by failing to seek a stay of the court proceedings at the time it filed its application for a right to attach order. EC&J filed a reply brief urging the trial court to reject each of Kassel's arguments.

At the outset of the hearing on EC&J's motion to compel arbitration, the trial court stated it did not believe a client "could waive the right to avoid arbitration in a retainer agreement." EC&J's counsel cited a California Supreme Court case[5] he believed supported EC&J's position "a binding arbitration agreement made prior to the dispute is binding and enforceable if

---

[3] The trial court subsequently granted EC&J's application for a right to attach order. That order is not at issue on appeal.

[4] Kassel did not dispute he entered into a retainer agreement with EC&J which included a provision for binding arbitration of all claims. Nor did he dispute EC&J served him with the form "Notice of Client's Right to Arbitration" under the MFAA.

[5] *Aguilar v. Lerner* (2004) 32 Cal.4th 974 [12 Cal.Rptr.3d 287, 88 P.3d 24].

the other party, the client[,] does not invoke its right under the Mandatory Fee Arbitration Act." The trial court continued the matter to review the authority cited and allow the parties to submit additional briefing on the issue.

The parties submitted additional briefing. The trial court held another hearing and took the matter under submission. On April 17, 2006, the trial court issued an order denying the motion to compel arbitration, which stated in pertinent part: "The arbitration provision in the Retainer Agreement relied on by [EC&J] is in violation of the provisions of the Business and Professions Code governing attorney retainer agreements. See B. & P. Code Section 6204(a), which provides that agreements for binding arbitration of fee disputes cannot be made before a dispute over fees arises. That is precisely the situation that occurred here."

## DISCUSSION

I. *BECAUSE KASSEL WAIVED THE RIGHT TO NONBINDING ARBITRATION UNDER THE MFAA, THE PROVISION IN THE RETAINER AGREEMENT REQUIRING BINDING ARBITRATION IS ENFORCEABLE IN THIS DISPUTE OVER FEES AND COSTS.*

EC&J contends the trial court erred in finding the provision in the retainer agreement requiring binding arbitration of this fee dispute is unenforceable under the MFAA. We agree. Kassel had a full and fair opportunity to take advantage of the protections the MFAA affords, but he declined. Having waived his right to proceed under the MFAA, Kassel cannot now invoke the MFAA as a means of avoiding the agreement for binding arbitration of all disputes.

■ The MFAA gives an attorney's client the right to go to nonbinding arbitration before a local or state bar association in an attempt to resolve a fee dispute.[6] The MFAA also affords the client the right to a trial after arbitration in the event the client rejects the nonbinding arbitration award.[7] Under this statutory scheme, an attorney must "forward a written notice to the client prior to or at the time of service of summons or claim in an action against the client, or prior to or at the commencement of any other proceeding against the client under a contract between attorney and client which provides for an alternative to arbitration under this article, for recovery of fees, costs, or both."[8] Nearly a year before EC&J filed this action, EC&J served Kassel with

---

[6] Business and Professions Code sections 6200 and 6204, subdivision (a). Further statutory references are to the Business and Professions Code unless otherwise noted.

[7] Section 6204, subdivision (a).

[8] Section 6201, subdivision (a).

the requisite form "Notice of Client's Right to Arbitration" informing Kassel of his right to arbitrate the fee dispute under the MFAA.[9]

The MFAA makes clear "the client's failure to request arbitration within 30 days after receipt of notice from the attorney shall be deemed a waiver of the client's right to arbitration under the provisions of this article."[10] There can be no doubt Kassel waived his right to arbitrate the dispute under the MFAA. Not only did Kassel fail to request arbitration under the MFAA within 30 days after receipt of EC&J's notice, Kassel never expressed any interest in arbitrating the fee dispute under the MFAA. What Kassel wants is a trial in court, something to which he is not entitled for the reasons explained below.

■ In *Aguilar v. Lerner*,[11] the California Supreme Court concluded: "If the client fails to invoke his or her rights under the MFAA, such rights are waived entirely and, as here, the preexisting arbitration agreement is enforceable against the client, with no residual MFAA protections standing as an obstacle." There, the client filed a legal malpractice complaint against the attorney. In response, the attorney filed a petition to compel arbitration pursuant to a clause for binding arbitration in the retainer agreement, and also asserted her own claim for unpaid fees and costs.[12] The trial court granted the petition to compel arbitration and the attorney prevailed at the arbitration. The client moved to vacate the arbitration award, which the trial court denied. The court granted the attorney's motion to confirm the award.

On appeal, the client argued the binding arbitration clause in the retainer agreement "was invalid and unenforceable because it was contrary to the MFAA [citation], which makes arbitrating attorney fee disputes wholly voluntary for a client and gives a client who chooses to arbitrate the option of rejecting the arbitrator's decision and proceeding to trial."[13] In affirming the Court of Appeal's decision, the Supreme Court explained the client had waived his rights under the MFAA by filing the malpractice action,[14] and thus could not rely on the protections of the MFAA in his attempt to reject the award rendered at an arbitration conducted pursuant to the binding arbitration clause in the retainer agreement.[15]

---

[9] As discussed more fully below in the unpublished portion of this opinion, Kassel's objections to the admissibility of the notice under the MFAA (and also the retainer agreement) are waived due to his failure to obtain rulings on them.

[10] Section 6201, subdivision (a).

[11] *Aguilar v. Lerner, supra,* 32 Cal.4th at page 989.

[12] *Aguilar v. Lerner, supra,* 32 Cal.4th at pages 980–981.

[13] *Aguilar v. Lerner, supra,* 32 Cal.4th at page 981.

[14] Section 6201, subdivision (d).

[15] *Aguilar v. Lerner, supra,* 32 Cal.4th at pages 979, 989–990.

Kassel cites section 6204, subdivision (a) of the MFAA in support of his contention agreements for binding arbitration made before a fee dispute arises (i.e., in a retainer agreement) are invalid and unenforceable in an attorney's action to recover unpaid fees and costs. The trial court relied on this provision in denying EC&J's motion to compel arbitration. Section 6204, subdivision (a) states, in pertinent part: "The parties may agree in writing to be bound by the award of arbitrators appointed pursuant to this article *at any time after the dispute over fees, costs, or both, has arisen.* In the absence of such an agreement, either party shall be entitled to a trial after arbitration if sought within 30 days . . . ." (Italics added.) The italicized language was added by amendment in 1996. As Kassel points out, the arbitration agreement in *Aguilar* was made in 1994, before the amendments, and the *Aguilar* court did not decide the effect of the 1996 amendments on a binding arbitration clause in a retainer agreement.[16]

■ We disagree with Kassel's assertion the binding arbitration clause in the retainer agreement at issue here is invalid and unenforceable under section 6204, subdivision (a). First, that provision clearly states it applies only to predispute agreements to be bound by "the award of arbitrators *appointed pursuant to this article,*"[17] i.e., MFAA arbitration awards. In other words, section 6204, subdivision (a) ensures a client always has the opportunity to try to resolve a fee dispute via nonbinding arbitration under the MFAA. Kassel was afforded that opportunity in this case, but he rejected it. After the dispute arises, however, the client also has the alternative of agreeing with the attorney to make the MFAA arbitration binding. But Kassel never invoked his right to either a nonbinding arbitration or the option of a postdispute agreement for binding arbitration under the MFAA.

Second, the *Aguilar* court explained, because it found the client waived his rights under the MFAA by filing a malpractice lawsuit, "whether [the client] entered his arbitration agreement pre- or post-dispute is irrelevant, as is which version of [section 6204, subdivision (a)] applies to the agreement [pre- or post-1996 amendments]."[18] This reasoning also applies here.

Kassel could have forced EC&J to go to nonbinding arbitration before a local bar association under the MFAA. Had he done so, there is no doubt he would have been entitled to a trial after arbitration. EC&J never stood in the way of Kassel asserting these rights. After receiving notice, however, Kassel

---

[16] *Aguilar v. Lerner, supra,* 32 Cal.4th at page 990, footnote 8.
[17] Section 6204, subdivision (a), italics added.
[18] *Aguilar v. Lerner, supra,* 32 Cal.4th at page 988.

waived his rights under the MFAA. Having expressed no interest in arbitration under the MFAA, Kassel now wants the "trial after arbitration"[19] afforded under the MFAA. This he cannot have.[20]

■ As another appellate court recently stated: "If a client does not choose MFAA arbitration or properly invoke it, there is no reason to invalidate the parties' agreement for resolution through binding arbitration."[21] We agree. The trial court erred in denying EC&J's motion to compel arbitration of this fee dispute on the ground the binding arbitration clause in the retainer agreement is invalid and unenforceable under section 6204, subdivision (a). That provision does not render a predispute agreement for binding arbitration invalid or unenforceable so long as the client retains the right to try to resolve the fee dispute via nonbinding arbitration (and a trial after arbitration) under the MFAA. Kassel had the opportunity to exercise these rights and he chose to waive them. Thus, he is bound by his agreement to submit all disputes with EC&J to binding arbitration.

Kassel asserts several other reasons, not relied upon by the trial court, why this court should affirm the order denying EC&J's motion to compel arbitration, each of which we address and reject below in the unpublished portion of this opinion.

II.–IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[19] Section 6204, subdivision (a).

[20] Kassel's reliance on *Alternative Systems, Inc. v. Carey* (1998) 67 Cal.App.4th 1034 [79 Cal.Rptr.2d 567] is misplaced. There, the Court of Appeal concluded the MFAA "preempted the AAA arbitration clause in the fee agreement" where the client invoked his right to arbitrate the fee dispute under the MFAA and, after the nonbinding arbitration took place, he demanded a trial de novo in court. (67 Cal.App.4th at pp. 1038, 1044.) The attorney had filed a demand for binding arbitration before the AAA of the same fee dispute, which simultaneously proceeded to resolution over the client's objection. The trial court confirmed the AAA arbitration award in favor of the attorney and the client appealed. (*Id.* at pp. 1038–1039.) The appellate court correctly concluded the client was entitled to a trial de novo in court under the MFAA after he had invoked his rights under the MFAA and had participated in the requisite nonbinding arbitration before the local bar association. Here, the binding arbitration clause in the retainer agreement cannot be preempted by the MFAA because Kassel waived his right to proceed under the MFAA.

[21] *Schatz v. Allen Matkins Leck Gamble & Mallory LLP* (2007) 146 Cal.App.4th 674 [53 Cal.Rptr.3d 173, 179].

*See footnote, *ante*, page 821.

## DISPOSITION

The order denying the motion to compel arbitration is reversed and the matter is remanded for further proceedings consistent with this opinion. Appellant is entitled to recover its costs on appeal.

Woods, J., and Zelon, J., concurred.